**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **DONNA W. REISELT,** | **PLAINTIFF** |
| **V.** | **NO. 1:04CV118-EMB** |
| **JO ANNE B. BARNHART,** | |
| **COMMISSIONER OF SOCIAL SECURITY,** | **DEFENDANT** |

## MEMORANDUM OPINION

Plaintiff Donna W. Reiselt seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration (the "Commissioner"), which denied her claims for disability insurance benefits under Title II and Supplemental Security Income ("SSI") benefits under Title XVI. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

### Procedural History

Plaintiff filed an application for disability benefits under Title II on May 16, 2001, alleging a disability onset date of July 1, 1998. (Tr. 59-61). That application was denied initially and upon reconsideration. (Tr. 24-32). On March 28, 2002, plaintiff protectively filed an application for SSI. (Tr. 490-92). This application was appealed to the hearing level for disposition. (Tr. 13).

In a hearing decision dated July 21, 2003, an administrative law judge ("ALJ") found

plaintiff was not disabled as defined in the Act at any time when plaintiff met the earnings requirement of the law, or at any time through the date of the ALJ's decision. (Tr. 10-22). The ALJ's hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 10, 2004. (Tr. 6-8). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Act, 42 U.S.C. § 405(g).

**Facts**

Plaintiff was 35 years of age at the time of the hearing decision on July 21, 2003. (Tr. 13-22). She completed the twelfth grade and one year of college. (Tr. 73). She previously worked as a secretary, real estate agent, broker and self-employed pottery, candle and soap maker. (Tr. 14, 67). Plaintiff alleged she became disabled on July 1, 1998, due to peripheral neuropathy in the legs, migraine headaches, severe depression, asthma and a slipped disc. (Tr. 14-15, 67).

After a review and evaluation of the medical evidence of record, the subjective testimony of plaintiff at the hearing and the testimony of a vocational expert, the ALJ found plaintiff had severe impairments, including peripheral neuropathy in her legs and a lumbar bulging disc. (Tr. 15). Nonetheless, the ALJ concluded that none of plaintiff's impairments met or equaled the listings and she retained the residual functional capacity ("RFC") for a full range of light work. (Tr. 20). Ultimately, the ALJ determined plaintiff could perform some of her past work, and she was not disabled. *Id.*

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal

2

standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would

3

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative

---

> limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).
>
> Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).
>
> Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).
>
> Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders v. Sullivan*, 914 F.2d 614,618 (5th Cir. 1990).

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

### **Analysis**

In her brief, plaintiff contends she met her burden at the initial step of the sequential evaluation process because she is not performing substantial gainful work and she spends most of her time seeking treatment for her impairments. Plaintiff's Brief at pp. 4-5. The ALJ found the evidence showed plaintiff earned $8, 567.25 in 1999 and $4387.43 in 2000, and that additional evidence was needed to determine when she last performed substantial gainful employment. (Tr. 14). Despite this, the ALJ decided to forgo making a determination at step one because she found the medical evidence indicated plaintiff was not disabled. (Tr. 14-15). As such, the validity of the Commissioner's decision rests on the correctness of the ALJ's findings at the other steps of the sequential evaluation process; and the Court will proceed to step two.

At step two, the ALJ found plaintiff had peripheral neuropathy and a bulging lumbar disc, impairments that were severe within the meaning of the Regulations. (Tr. 15). Nonetheless, at step three, the ALJ determined that neither of these conditions alone nor in combination met or medically equaled any listed impairment. *Id.* In her brief, plaintiff argues the ALJ erred at step two in finding plaintiff's remaining impairments were not severe. Plaintiff's Brief at pp. 5-6.

More specifically, as regards her mental condition, plaintiff contends the ALJ incorrectly substituted her own opinion for that of the state agency psychologist. *Id*. at p. 5. With respect to her migraines, plaintiff suggests the ALJ should not have relied on the medical opinion of her treating physician because he failed to acknowledge that plaintiff's morphine overdose contributed to increased migraine headaches. *Id*. at p. 6. Finally, plaintiff makes no specific argument regarding the remainder of her alleged impairments but suggests they were severe, nonetheless.

> In the Fifth Circuit, the standard for non-severity is as follows:
>
> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir.1984).

First, as regards plaintiff's depression, plaintiff underwent a consultive psychological examination on April 9, 2003, conducted by Harold Savell, Ph.D. (Tr. 480). Plaintiff reported that she did household chores, including laundry and cooking; she spent most of her time reading; and she shopped and visited with friends. (Tr. at 481). Test results showed plaintiff had a Full Scale Intelligence Quotient of 84 and was intellectually functioning within the dull normal range. (Tr. 482). It was concluded that despite the appearance of "some low grade chronic depression," plaintiff appeared to have the mental capacity to function in a vocational environment and manage her own finances. (Tr. 483). Dr. Savell also assessed plaintiff's mental ability to do work activities. (Tr. 484-488). According to Dr. Savell, plaintiff's ability to adjust

6

to a job ranged from good to very good. (Tr. 484). Likewise, her ability to make performance adjustments and personal-social adjustments ranged from good to very good. (Tr. 485). Dr. Savell further determined that plaintiff's mild chronic depression had, at most, only a "slight" effect on her ability to do work-related activities on a sustained basis. (Tr. 487-88).

To the contrary, the State agency psychologist, who merely reviewed the medical evidence, found plaintiff had a severe mental impairment. (Tr. 418-35). The ALJ assigned greater weight to Dr. Savell's (the examining psychologist) opinion because of plaintiff's lack of treatment and the inconsistency of her testimony with the objective medical evidence. (Tr. 19). Indeed, though plaintiff testified she was depressed to the point where she couldn't get out of bed on a daily basis, she had never been referred to a psychologist for treatment. (Tr. 514, 522). "'[T]he Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have."). Based on the foregoing, I find the ALJ's determination that plaintiff's depression was not severe is supported by substantial evidence.

Second, as regards her asthma, though she testified at the hearing that she had visited the emergency room at least thirty times the prior year due to asthma attacks, (Tr. 511), there is no medical evidence in the record supporting this claim. As the ALJ pointed out, medical records indicated plaintiff's asthma was well controlled. (Tr. 280-81).

7

Third, as regards plaintiff's, migraines, treatment notes dated June 18, 1999, indicated that plaintiff's headache frequency had improved, and she only had the occasional migraine. (Tr. 273). It was noted that her prescription Imitrex tablets worked out very well. *Id.* After a morphine overdose in September 2000, plaintiff complained of increased migraine headaches. (Tr. 150-51). However, in March 2001, her main treating physician, Dr. Segars, (Tr. 502 -512), refused to certify that plaintiff's morphine overdose contributed to her migraines. (Tr. 369). Indeed, Dr. Segars indicated plaintiff's injuries were inconsistent with the history provided by her. *Id.* Plaintiff has pointed to no medical evidence conflicting with Dr. Segars' assessment.

Fourth, as regards plaintiff's anxiety and panic attacks, at the hearing plaintiff testified that she took Clonopin everyday for anxiety and that she had a panic attack "last May." (Tr. 514-15). However, treatment notes dated May 2001, indicate that despite plaintiff's complaints of anxiety and "occasional panic attacks," she exhibited no major signs of anxiety or depression. (Tr. 363). Furthermore, in April 2003, Dr. Savell noted only a diagnosis of dysthymic disorder and indicated plaintiff had no signs of anxiety. (Tr. 481-83).

Fifth, as far as plaintiff's hypertension is concerned, she testified that her pain triggered her high blood pressure. (Tr. 507). She said her elevated blood pressure made her dizzy and nauseous, and she couldn't function. *Id*. at 507-9. Despite this, plaintiff said when she took her medication, her blood pressure came down; and she was able to go about her "normal routine." (Tr. 509). Moreover, there is no medical evidence in this record indicating plaintiff's hypertension was uncontrolled.

Finally, plaintiff testified she still had abdominal pain associated with endometriosis and laparoscopies for endometriosis. (Tr. 516-17). Plaintiff said she just "suffer[s] through" the

8

pain. *Id.* at 517. Nevertheless, treatment notes dated June 1999 indicated that plaintiff's abdominal pain was better after her multiple laparoscopies, hysterectomy and oophorectomy. (Tr. 280).

Based on the foregoing, I find the ALJ's determination that plaintiff's other impairments were not severe is supported by substantial evidence. Moreover, based on a thorough review of the medical evidence, substantial evidence supports the ALJ's determination that plaintiff had no impairment or combination of impairments that met or medically equaled a listed impairment. Indeed, plaintiff makes no attempt in her brief to point to evidence that supports her conclusory allegation that she had a listing level impairment. Accordingly, I find the ALJ's findings at steps two and three of the sequential evaluation process are supported by substantial evidence.

At step four, the ALJ found plaintiff retained the ability to perform light work activity, and as such, could perform her past relevant work. (Tr. 20). Plaintiff essentially argues the ALJ failed to consider the combined effect of her impairments, her pain and her treatment on her ability to perform sustained work activity.[2] Plaintiff's Brief at pp. 6, 8. I disagree.

In her opinion, the ALJ specifically points to evidence diminishing plaintiff's credibility and evidence indicating she worked making candles and soap and performed normal daily activities for extended periods of time. (Tr. 20). This evidence together with the medical evidence listed above supports the ALJ's RFC determination. Furthermore, the ALJ relied on the testimony of a vocational expert, that given plaintiff's RFC, she could perform her past work. (Tr. 528). Plaintiff points to absolutely no evidence suggesting a contrary conclusion. Based on

---

[2]Plaintiff also makes an argument that her physicians failed to consider the "totality" of her impairments in making their assessments. This argument borders on the absurd and is unsupported by law.

9

this, a finding of not disabled was in order, as plaintiff could perform her past work.

**Conclusion**

For the foregoing reasons, the decision of the Commissioner should be affirmed, and plaintiff's Complaint is due to be dismissed.  A final judgment consistent with this opinion shall be entered.

**SUBMITTED** this, the 20th day of March, 2006.

                                          **/s/ Eugene M. Bogen**
                                          **UNITED STATES MAGISTRATE JUDGE**